IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRUCE GREGORY HARRISON, III,    )
                                )
            Plaintiff,          )
                                )
        v.                      )      1:15CV932
                                )
TODD PERGUSON, et al,           )
                                )
            Defendant(s).       )

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a federal prisoner proceeding pro se, previously submitted a civil rights Complaint (Docket Entry 1) pursuant to 42 U.S.C. § 1983 and Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971), together with the $400.00 filing fee. He named a federal prosecutor, several federal law enforcement agents, and the Internal Revenue Service as Defendants. Plaintiff alleged that Defendants unnecessarily orchestrated his arrest on November 10, 2010, and that they did so at his place of residence while knowing that his infant daughter was in the residence and sick with an unidentified medical condition requiring a sterile environment. He claimed that some of the Defendants entered that environment to arrest him and that his daughter later died on January 23, 2011.

The Court noted several defects with the Complaint, including that it did not utilize the proper forms, that Plaintiff appeared to be raising claims on behalf of others, including his deceased child and her mother, that the Complaint appeared barred by the applicable three-year statute of limitations, that the Complaint appeared based at least partly on

negligence, and that Plaintiff sought to hold Defendants responsible in some way for his daughter's death, but alleged no facts tying them to her death. The Court filed the Complaint, but struck it and stayed the matter to allow Plaintiff to file a corrected complaint. After receiving an extension of time, Plaintiff filed an Amended Complaint (Docket Entry 5)[1] raising essentially the same allegations.

Because Plaintiff is "a prisoner seek[ing] redress from a governmental entity or officer or employee of a governmental entity," this Court has an obligation to "review" the Amended Complaint. 28 U.S.C. § 1915A(a). "On review, the court shall . . . dismiss the complaint, or any portion of the complaint, if [it] – (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

As to the first basis for dismissal, the United States Supreme Court has explained that "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy v. Federal Med. Ctr. Butner, 376 F.3d 252, 256-57 (4th Cir. 2004) (some

---

[1] As with the original Complaint, Plaintiff's Amended Complaint names only federal, not state, actors as Defendants. Therefore, it appears he filed the Amended Complaint only under Bivens and not § 1983, which applies solely to state actors.

internal quotation marks omitted). As part of this review, the Court may anticipate affirmative defenses that clearly appear on the face of the complaint. Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 954 (4th Cir. 1995) (en banc); Todd v. Baskerville, 712 F.2d 70, 74 (4th Cir. 1983).

The Supreme Court further has identified factually frivolous complaints as ones involving "allegations that are fanciful, fantastic, and delusional. As those words suggest, a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton v. Hernandez, 504 U.S. 25, 32-33 (1992) (internal citations and quotation marks omitted). In making such findings, this Court may "apply common sense." Nasim, 64 F.3d at 954.

Alternatively, a plaintiff "fails to state a claim upon which relief may be granted," 28 U.S.C. § 1915A(b)(1), when the complaint does not "contain sufficient *factual matter*, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (internal citations omitted) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. (quoting Twombly, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the

allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[2]

The final ground for dismissal under 28 U.S.C. § 1915A(b)(2) generally applies to situations in which doctrines established by the United States Constitution or at common law immunize governments and/or government personnel from liability for monetary damages. See, e.g., Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1984) (discussing sovereign immunity of states and state officials under Eleventh Amendment); Pierson v. Ray, 386 U.S. 547 (1967) (describing interrelationship between 42 U.S.C. § 1983 and common-law immunity doctrines, such as judicial, legislative, and prosecutorial immunity). Cf. Allen v. Burke, 690 F.2d 376, 379 (4th Cir. 1982) (noting that, even where "damages are theoretically available under [certain] statutes . . ., in some cases, immunity doctrines and special defenses, available only to public officials, preclude or severely limit the damage remedy").

---

[2]Although the Supreme Court has reiterated that "[a] document filed *pro se* is to be liberally construed and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal citations and quotation marks omitted), the United States Court of Appeals for the Fourth Circuit has "not read Erickson to undermine Twombly's requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (applying Twombly standard in dismissing pro se complaint); accord Atherton v. District of Columbia Off. of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (quoting Erickson, 551 U.S. at 94, and Iqbal, 556 U.S. at 697, respectively)).

For the reasons that follow, the Amended Complaint should be dismissed pursuant to 28 U.S.C. § 1915A(b) because it is frivolous, because it fails to state a claim on which relief may be granted, and because it seeks monetary damages from a defendant with immunity from such relief.

The Court first notes that the Complaint raises claims against Assistant United States Attorney Frank Chut. Although the Complaint does not specifically seek damages, prosecutors have absolute immunity for their participation in the judicial process. Buckley v. Fitzsimmons, 509 U.S. 259 (1993). Plaintiff also seeks no other form of relief as to Defendant Chut and none would be appropriate given the allegations in the Complaint. Therefore, any claim against Defendant Chut should be dismissed.

Next, Plaintiff alleges that he had an agreement to surrender himself on federal charges, but that Defendants came to arrest him anyway because of a disagreement between Defendant Chut and Plaintiff's defense counsel. Even if true, this does not state any claim for relief. Bivens allows suits based on certain violations of the United States Constitution. Plaintiff was the subject of an arrest warrant issued by a Magistrate Judge of this Court in case 1:10MJ176. He did not have any constitutional right to turn himself in at a time and place of his choosing.

Plaintiff also claims that Defendants violated "agency protocols" by failing to "enlist[] the approval and support of child services" during the arrest even though they knew of the presence of a minor child in Plaintiff's residence. Again, Bivens allows claims based on

-5-

violations of the United States Constitution, not "agency protocols." This allegation also fails to state a claim for relief.

Next, Plaintiff claims that Defendants entered his infant child's room and contaminated her "medically sterile environment," thereby violating "internal agency guidelines while violating [the child's] constitutional rights." Again, violation of agency guidelines does not state a claim under Bivens. Also, Plaintiff still fails to allege any facts tying Defendants' alleged actions to his daughter's death. Further, as the Court previously informed Plaintiff in striking his initial Complaint, as a pro se litigant, he cannot pursue a claim on behalf of another person, even his minor child. Myers v. Loudoun County Public Schools, 418 F.3d 395, 400 (4th Cir. 2005), citing Cheung v. Youth Orchestra Found. of Buffalo, 906 F.2d 59, 61 (2nd Cir. 1990). For all of these reasons, Plaintiff fails to state any viable claim for relief in his Amended Complaint.

Finally, the Court noted in the prior Order that the entire Complaint appeared barred by the applicable statute of limitations. Plaintiff did not specifically respond to this apparent problem in filing his Amended Complaint. However, he did remove all dates from the Complaint and state that he was unable to provide dates without conducting discovery. (Docket Entry 5, § VI.) Plaintiff cannot avoid the statute of limitations in this way. The statute of limitations in this case is three years. See Wilson v. Garcia, 471 U.S. 261, 276-80 (1985) (holding that, in section 1983 actions, state statute of limitations for personal injury applies); Reinbold v. Evers, 187 F.3d 348, 359 n.10 (4th Cir. 1999) ("[B]ecause there is no

statute of limitations for Bivens actions, the district court correctly looked to [state] law.") Brooks v. City of Winston Salem, 85 F.3d 178, 181 (4th Cir. 1996) (applying North Carolina's three-year statute of limitations for personal injuries to section 1983 actions); Sakwa v. Aronica, No. 92-2069, 993 F.2d 1539 (table), 1993 WL 165297, at *1 (4th Cir. May 18, 1993) (unpublished) ("[c]laims filed pursuant to Bivens are subject to the analogous state statute of limitations." (citing Blank v. McKeen, 707 F.2d 817, 819 (4th Cir. 1983))); N.C. Gen. Stat § 1-52 (establishing three-year statute of limitations for personal injury).

A plaintiff's cause of action accrues, and the statute of limitations runs, from the date on which he "possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Here, Plaintiff would have been aware of Defendants' alleged actions at the time of his arrest. He alleged in his original Complaint that the arrest occurred on November 10, 2010, or nearly five years before he filed this action on November 6, 2015 and that his daughter's death occurred on or about January 23, 2011, or well more than four years prior to his filing this action. The Court also may take notice of its own records in case 1:10MJ176, which confirm the November 10, 2010 arrest date. Any possible claims by Plaintiff would likely have accrued on November 10, 2010, or, at the latest, on January 23, 2011. Despite the Court's earlier warning concerning the problem with the statute of limitations, Plaintiff raises no claim that falls within the required

-7-

Case 1:15-cv-00932-TDS-LPA   Document 6   Filed 02/19/16   Page 7 of 8

time period and alleges no facts that could potentially avoid the time bar. His entire Amended Complaint is barred by the statute of limitations and should be dismissed for this additional reason.

IT IS RECOMMENDED that this action be dismissed pursuant to 28 U.S.C. § 1915A for being frivolous or for failing to state a claim upon which relief may be granted, and for seeking monetary relief against a defendant who is immune from such relief.

This, the 19th day of February, 2016.

/s/ L. Patrick Auld  
**L. Patrick Auld**  
**United States Magistrate Judge**